NO. 07-08-0152-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2008

______________________________


JOHN WAYNE JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,036; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, John Wayne Jackson, was convicted of one
count of aggravated sexual assault and sentenced to thirty-five years confinement. He
was also convicted of a separate count of indecency with a child and sentenced to twenty
years confinement, sentences to run concurrently. The clerk’s record was filed on July 15,
2008. Upon reviewing the record, it came to this Court’s attention that the Trial Court’s
Certification of Defendant’s Right of Appeal does not comply with Rule 25.2(d) of the Texas
Rules of Appellate Procedure.


 As of September 1, 2007, a defendant must sign and
receive a copy of the certification. Additionally, the new form provides certain
admonishments to a defendant not previously required. 
          Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a proper Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). Once
properly completed and executed, the certification shall be included in a supplemental clerk’s
record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause this supplemental clerk's
record to be filed with the Clerk of this Court by September 1, 2008. This order constitutes
notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certification. If a supplemental clerk’s record containing a proper certification is not
filed in accordance with this order, this matter will be referred to the Court for dismissal. See
Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
 
Do not publish.